UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| P.D., by his parents and next friends, ) <br> MATTHEW AND JULIE DesJEAN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MT. VERNON COMMUNITY SCHOOL ) <br> CORPORATION AND HANCOCK ) <br> SOUTH MADISON JOINT SERVICES, ) <br> ) <br> Defendants. ) | CASE NO. 1:07-cv-1048-DFH-JMS |

ENTRY ON DEFENDANTS' MOTION TO DISMISS

On August 14, 2007, plaintiff P.D., by his parents and next friends Matthew and Julie DesJean, filed a complaint in this court seeking a declaration of "prevailing party" status and an award of attorney fees under the Individuals with Disabilities Education Act ("IDEA"). See 20 U.S.C. § 1415(i)(3). Defendants Mt. Vernon School Corporation and Hancock South Madison Joint Services (collectively, "Mt. Vernon") moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim, arguing that the DesJeans do not qualify as "prevailing parties" under the IDEA. For the reasons set forth below, Mt. Vernon's motion to dismiss is granted.

*Standard of Review*

In ruling on a motion to dismiss under Rule 12(b)(6) for failing to state a claim upon which relief can be granted, the court must assume as true all well-pleaded facts set forth in the complaint, construing the allegations liberally and drawing all inferences in the light most favorable to the plaintiff.  See *Brown v. Budz*, 398 F.3d 904, 908-09 (7th Cir. 2005).  A formulaic recitation of the elements of the cause of action is not enough to survive a motion to dismiss under Rule 12(b)(6), however.  See *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, ___, 127 S. Ct. 1955, 1964-65 (2007).  A plaintiff must "raise a right to relief above the speculative level" by pleading "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1965, 1974.  Dismissal is warranted if the factual allegations, seen in the light most favorable to the plaintiff, do not plausibly entitle the plaintiff to relief.  *Id.* at 1968-69.

The court's consideration of Mt. Vernon's motion to dismiss is limited to the pleadings, which consist generally of the complaint and any exhibits or documents attached to or referenced in the complaint, including here the decision of the independent hearing officer ("IHO").  See Fed. R. Civ. 10(c) (a copy of any written instrument that is an exhibit to a pleading is a part of the pleading for all purposes); see also *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 753-55 (7th Cir. 2002); *Menominee Indiana Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 455-56 (7th Cir. 1998).

In opposing Mt. Vernon's motion to dismiss, the DesJeans have submitted exhibits outside of those in their original complaint in this matter, including their request for a due process hearing dated November 30, 2006 (this request prompted the hearing and the IHO's order), a complaint the DesJeans filed with the Indiana Department of Education on September 7, 2007, and a sworn affidavit by Julie DesJean. On a Rule 12(b)(6) motion to dismiss, if matters outside the pleading are presented to and not excluded by the court, the motion is treated as one for summary judgment. See Fed. R. Civ. P. 12(b)(6). Where a complaint refers to a document but does not incorporate it, a party may submit a copy of the document to support or oppose a motion to dismiss as long as the document is "central" to the complaint. See, *e.g.*, *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

Procedurally, a plaintiff may respond to a Rule 12(b)(6) motion by seeking to amend the complaint. See Fed. R. Civ. P. 15(a) (a party may amend the pleadings once as a matter of course at any time before a responsive pleading is filed); see also *Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995) (motion to dismiss does not constitute a responsive pleading for purposes of Rule 15(a)). A plaintiff may also use a brief or even an affidavit to elaborate on the allegations in the complaint and to oppose dismissal without converting the motion to one for summary judgment. See *Chavez v. Illinois State Police*, 251 F.3d 612, 650 (7th Cir. 2001); see also *Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir. 1997) (plaintiff opposing dismissal may supplement the complaint with factual narration

in an affidavit or brief); cited in *Free Methodist Church of North America v. Hayes*, 2005 WL 3003239, *3 (S.D. Ind. Nov. 8, 2005).

The court has included one of the DesJeans' exhibits, the November 30, 2006 hearing request, in the Rule 12(b)(6) analysis. The complaint refers to the underlying administrative proceeding in which plaintiffs contend they prevailed. The written request for relief that launched that proceeding can properly be treated as part of the pleadings under *Venture Associates* and the cases applying it. The plaintiffs' request for relief is central to the case and provides a basis for comparing what the DesJeans originally asked for and what they were awarded by the IHO's order. The other two exhibits – the DesJeans' September 7, 2007 complaint and Julie DesJean's affidavit – are not relevant to the motion to dismiss. Both of these exhibits pertain to events occurring after entry of the IHO's order and thus are not relevant to the issue before the court, which is limited to whether the DesJeans prevailed in the IHO's order of July 16, 2007.

*Factual Allegations in the Pleadings*

On December 1, 2006, the DesJeans filed a due process hearing request because they believed Mt. Vernon failed to provide P.D. with a "free appropriate public education" (or "FAPE") under the IDEA. The DesJeans requested eighteen proposed remedies for the alleged IDEA violations, and the IHO framed thirteen issues for review. A hearing to resolve those thirteen issues was held on March 5,

6, 9, 19 and 20 and May 3 and 4, 2007.  The IHO rendered a final decision on July 16, 2007.

In the thirteen conclusions of law in the IHO's July 16, 2007 decision, the IHO determined that Mt. Vernon had complied with the IDEA in all but one respect.  In that single regard, the IHO found that the preponderance of the evidence established that Mt. Vernon had failed to ensure that its staff was appropriately trained to work with P.D., but that the failure was harmless. Compl. Ex. 1 at 17.  The IHO explained:

> Although there was this procedural violation, no real harm was established. The student's general education teachers were properly licensed to teach the student.  The student had TORs [teachers of record] properly certified in his exceptionalities.  The general education teachers had the TOR to consult for any needed assistance.  Finally, the general education teachers appeared knowledgeable concerning educating students.

Compl. Ex. 1 at 18.

In his July 16, 2007 order, the IHO did not implement any of the DesJeans' eighteen proposed remedies.  However, he did order that Mt. Vernon's assistive technology coordinator complete a new assistive technology assessment of P.D. and that the parties immediately convene a case conference to develop goals and objectives for P.D. with any accommodations or modifications necessary.  Compl. Ex. 1 at 20.  The IHO directed that Dr. Julie Steck should be included in the conference, and that if the DesJeans wished, Dr. Andrew Davis should be invited

as well.  The IHO proposed Claire Thorsen to serve as coordinator of the case conference in the event the parties reached an impasse and were unable or unwilling to select a facilitator of their own choosing.  Also, he directed Mt. Vernon to attempt to place P.D. with strict and structure-oriented male instructors (with whom P.D. had been most successful) and in structured classes.  Compl. Ex. 1 at 21.  The IHO denied the DesJeans' requests for reimbursement for mileage and other expenditures, and also denied the DesJeans' request for Mt. Vernon to provide P.D. with private counseling.  Compl. Ex. 1 at 21.

The DesJeans did not appeal the IHO's July 16, 2007 decision to the state Board of Special Education Appeals.  However, claiming that the IHO found that Mt. Vernon had violated the IDEA and that his orders "changed the relationship between the Plaintiffs and the Defendants," the DesJeans filed suit in this court seeking prevailing party status based on the July 16, 2007 decision and reimbursement of $63,000 in attorney fees.

*Discussion*

I.      *"Prevailing Party" Status*

The IDEA provides that parents of a child with a disability may be awarded reasonable attorney fees if they are the prevailing parties in an administrative proceeding.  20 U.S.C. § 1415(i)(3)(B); *Brown v. Griggsville Community Unit School Dist. No. 4*, 12 F.3d 681, 683-84 (7th Cir. 1993).  Indiana law also provides that

a parent represented by an attorney may be entitled to legal fees, but only "if the parent ultimately prevails." See 511 Ind. Admin. Code § 7-30-4(p). Under both federal and state law, the DesJeans' action for fees hinges on whether the pleadings would allow them to qualify as prevailing parties. If not, they have failed to state a claim upon which relief can be granted.[1]

A party "prevails" when that party is granted relief by a court, usually by way of a judgment on the merits, a consent decree, or some other judicially sanctioned change in the parties' legal relationship. See *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 604-05 (2001); see also *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992) ("A plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."). As the Seventh Circuit has stated, plaintiffs may be considered prevailing parties under the IDEA "if 'they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469, 479 (7th Cir. 2003), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court therefore looks to the IHO decision to see if the DesJeans prevailed.

---

[1] Even if a plaintiff achieves "prevailing party" status, attorney fees are not guaranteed. A plaintiff's degree of success affects the reasonableness of a fee award. See *Evanston Community Consolidated School Dist. No. 65 v. Michael M.*, 356 F.3d 798, 805 (7th Cir. 2004). Where a party has achieved only a technical or minimal victory, that party may not be entitled to attorney fees at all. See *id.*, citing *Monticello School Dist. No. 25 v. George L.*, 102 F.3d 895, 907 (7th Cir. 1996).

II.  *Outcome of the DesJeans' Due Process Request*

The DesJeans requested eighteen proposed remedies before the IHO.  See Pl. Ex. 2 (November 30, 2006 Due Process Request). The IHO did not order any of those remedies under the IDEA.  Nevertheless, the DesJeans argue that, as a result of the IHO's decision, their position changed to their benefit in several respects.  The court addresses their arguments one by one below.

A.  *IHO's Conclusion Regarding Training*

In twelve of his thirteen conclusions of law, the IHO found in favor of Mt. Vernon, affirming that Mt. Vernon had not violated the IDEA with respect to P.D. The DesJeans argue that they prevailed nonetheless because the IHO found that Mt. Vernon had violated IDEA in one way, finding that Mt. Vernon had failed to ensure that its staff members were appropriately trained to work with P.D. Compl. Ex. 1 at 17.  The IHO determined that "no real harm was established." *Id.* at 18.  Even reviewing the pleadings in a light most favorable to the DesJeans, as the court must, this argument fails.  To have prevailed, the DesJeans would have needed to obtain actual relief on the merits materially altering their legal relationship with Mt. Vernon.  See *Farrar,* 506 U.S. at 111-12.  A finding of a harmless violation that results in no award of relief does not meet that standard.

This case is distinguishable from *Michael M.*, 356 F.3d at 805, in which the Seventh Circuit upheld a finding that the parents were prevailing parties when

-8-

they obtained an increase in occupational therapy services from 30 to 60 minutes. In that case, the court found that a serious violation of the IDEA had occurred and the increase in therapy amounted to a "significant amount of the relief" sought by the parents. *Id.* Here, the DesJeans could not have prevailed when the violation found amounted to a harmless, technical violation of the statute for which no relief was provided. The IHO's finding of a violation in this regard did not materially alter the legal relationship between the parties and therefore cannot support the DesJeans' claim for prevailing party status and attorney fees.

      B.    *Claire Thorsen Proposed as Case Conference Facilitator*

The IHO ordered the parties to convene a case conference, and in the event that the parties reached an impasse, the parties were to agree on a case conference facilitator. The IHO proposed Claire Thorsen for the role of case conference facilitator, noting that Ms. Thorsen had served in such a role in the past and had an extensive background in these issues. Compl. Ex. 1 at 20. Relying on the affidavit of Julie DesJean, the DesJeans argue that they prevailed because, when the conference convened with Ms. Thorsen as the facilitator, she was "undeniably in charge" and "helped the parties move towards the 'appropriate IEP'" originally sought by the DesJeans. Pl. Response 4, 8. The court assumes that Mrs. DesJean's affidavit is true, but whether in the form of argument or affidavit, her claims could not support a finding that the DesJeans prevailed on this issue.

The DesJeans argue that Ms. Thorsen was instrumental in securing an "appropriate IEP" for P.D., but the IHO found that the IEP already in place for P.D. was appropriate. Compl. Ex. 1 at 18. The IHO suggested that Ms. Thorsen should serve as P.D.'s case conference facilitator, but this suggestion could not have been intended to remedy any violation of the IDEA because the IHO found none that needed any remedy. The DesJeans may applaud the IHO's suggestion, but this suggestion did not amount to an order to remedy a past or present violation and did not materially alter the legal relationship between the parties. The DesJeans could not demonstrate that they prevailed and could not recover attorney fees on this basis.

    C.    *Mt. Vernon's Assistive Technology Review*

        1.    *IHO's Order for a Assistive Technology Assessment*

In their November 30, 2006 due process request, the DesJeans requested that Mt. Vernon "provide appropriate assistive technology for the student." Pl. Ex. 2 at 4. The IHO found that Mt. Vernon had not failed to properly address P.D.'s needs with appropriate assistive technology, Compl. Ex. 1 at 16, but ordered that, before convening the case conference, Mt. Vernon's assistive technology coordinator should conduct a *new* assessment of P.D. Compl. Ex. 1 at 20.

This order did not materially alter the legal relationship between the parties. Mt. Vernon was already under an obligation to assess P.D.'s need for assistive

technology on an annual basis and to make such technology available. See 34 C.F.R. § 300.105; 511 Ind. Admin. Code § 7-21-6(d); Compl. Ex. 1 at 7. The IHO determined that the assistive technology provided to P.D. was adequate. Here again, the DesJeans attempt to take credit (and prevailing party status) where no credit is due. They claim "prevailing party" status based on something that Mt. Vernon was already doing, simply because the IHO ordered Mt. Vernon to continue doing it, without finding a violation of law that required a remedy. The DesJeans cannot be classified as prevailing parties on this basis as they cannot show that there was any material alteration to their legal relationship with Mt. Vernon.

        2.    *DesJeans' September 5, 2007 Indiana Department of Education Complaint*

After filing their complaint for fees in this court, the DesJeans filed another complaint with the Indiana Department of Education alleging that Mt. Vernon failed to complete the assistive technology assessment prior to the case conference, as ordered by the IHO. Pl. Ex. 3. The DesJeans argue that a "cynical view" of the delay alleged in their IDOE complaint demonstrates Mt. Vernon's "effort to avoid demonstrating actual relief for P.D. until after the School can have this Complaint dismissed, whereas at a minimum, it is evidence of the very behavior which prompted the due process proceeding in the first place." Pl.

Response 9.[2]  The court will not entangle itself in procedural conspiracy theories, and will not opine on whether this alleged delay is evidence of a more recent violation of the IDEA.  Those issues are not before the court.

The *sole* issue before the court is whether the DesJeans prevailed before the IHO in his July 16, 2007 order.  For reasons discussed above, the DesJeans' IDOE complaint is irrelevant to Mt. Vernon's Rule 12(b)(6) motion.  Alleged later violations of law have no bearing on whether the DesJeans prevailed before the IHO.  Again, the IHO's order of a renewed assistive technology assessment of P.D. was not substantive alteration to the legal relationship between the parties.  It was a reflection of Mt. Vernon's existing obligations, and the IHO had found no violation of the IDEA.  The DesJeans' claim of prevailing party status will not stand on this element of the IHO's order, whether or not Mt. Vernon ultimately complied with that order in a timely fashion.

D.      *Dr. Steck's Functional Behavioral Assessment of P.D.*

In their request for a hearing, the DesJeans asked for "a private behavior specialist to do an FBA [a "functional behavioral assessment"] and BIP [a

---

[2]In particular, the DesJeans accuse Mt. Vernon of not following through on its "promise to investigate" replacing P.D.'s "Neo" (a handheld device) with a laptop computer.  Although the court does not consider the substance of this allegation under the IDEA, the DesJeans have acknowledged that Mt. Vernon has upgraded P.D.'s Neo to a Dana processor, an upgrade that they describe as a "giant leap forward."  Pl. Response 9.  This action does not seem consistent with the accusation that Mt. Vernon has engaged in delay tactics to "avoid demonstrating actual relief."  *Id.*

"behavior intervention plan"] for the student." Pl Ex. 2 at 4.  The IHO found that none of the situations triggering an FBA under 511 Ind. Admin. Code § 7-29-5(a) arose until October 2006, and Mt. Vernon conducted an FBA at that time.  Compl. Ex. 1 at 10, 15.  Then, on January 7, 2007, Dr. Julie Steck completed a follow-up functional behavioral assessment of P.D.  Compl. Ex. 1 at 13.  The DesJeans claim that they prevailed before the IHO because Dr. Steck completed this later assessment and because the IHO ordered that Dr. Steck be included in the case conference held (in part) to develop a behavior intervention plan for P.D. based on Dr. Steck's FBA.  Pl. Response 2, 8.  The court is not persuaded.

The IHO found no violation of the IDEA.  The IHO's order that Dr. Steck be invited to the case conference is a reflection of what was already required under the Indiana Administrative Code.  The state regulations require a case conference committee to develop a plan for assessing a student's functional behavior by evaluating the results and instructional implications of the student's most recent assessments.  511 Ind. Admin. Code §§ 7-27-4(c)(2), 7-29-5(a).  Dr. Steck's functional behavioral assessment was P.D.'s most recent evaluation, and it does not change the legal relationship between the parties to see that she is included in the case conference committee tasked with developing a behavior intervention plan based on that assessment.

E.     *P.D.'s Class and Teacher Assignments*

It is difficult to ascertain how the DesJeans could obtain material relief sufficient to sustain an attorney fee award based on a matter that they never brought before the IHO. Yet, the DesJeans attempt exactly that, contending that the IHO's order that Mt. Vernon "attempt" to place P.D. in classes and with teachers conducive to his classroom success was an issue on which they prevailed before the IHO. Pl. Response 2, 9. The IHO's order in this regard was not prompted by any failure by Mt. Vernon to comply with the IDEA, much less by any relief proposed by the DesJeans in their hearing request. At most, the IHO ordered the case conference committee to consider P.D.'s strengths and behavior problems, issues already provided under the Indiana Administrative Code. 511 Ind. Admin. Code § 7-27-4(c). The IHO's order was not based on a finding of a violation of the IDEA or a request for relief by the DesJeans. In this respect, as well, the IHO's order did not materially alter the parties' legal relationship, did not change Mt. Vernon's behavior, and will not support the DesJeans' bid for prevailing party status or attorney fees.

F.   *Implementation of Recommendations by Dr. Andrew Davis*

The DesJeans also argue that they prevailed before the IHO because he ordered Mt. Vernon to implement Dr. Andrew Davis' appropriate recommendations. See Pl. Response 2. This argument overstates the IHO's order. Actually, the IHO only ordered that Dr. Davis should be included in the case conference if the DesJeans requested. Compl. Ex. 1 at 20. The IHO considered

whether Mt. Vernon violated the IDEA by failing to implement Dr. Davis' appropriate recommendations, and he found no violation, explaining that "Dr. Davis was not a [case conference committee] of one, with all of his recommendations to be accepted carte blanche." Compl. Ex. 1 at 19. The IHO found that Mt. Vernon had incorporated Dr. Davis' appropriate recommendations. In light of these findings, the court cannot say the DesJeans prevailed on this point. Nor does the court see how the IHO's order that Dr. Davis be invited to the post-order case conference counts in the DesJeans' "win" column, particularly since the Indiana Administrative Code permits the DesJeans to invite anyone with knowledge of the student to the case conference. 511 Ind. Admin. Code § 7-27-3(f). This aspect of the IHO's order did not materially alter the legal relationship between the parties and will not support the DesJeans' bid for fees.

Lest there be any misunderstanding, the court is not suggesting that an IHO's order to a school district or other educational agency to comply with the law could never support a finding that parents are prevailing parties. If there has been a violation of the IDEA, the court would expect an IHO to order future compliance. Such an order would change the legal relationship between the parties (from one contrary to law into one that complies with the law). But where there has been no finding of a past or present violation of the IDEA that requires a remedy, an order that requires nothing more than continued compliance with the IDEA does not change the legal relationship between the parties.

III.     *Public Policy*

The DesJeans contend that reimbursement of their attorney fees is an "integral part" of the IDEA. Pl. Response 11. They point out that parents of children with disabilities are typically already in financial distress, and most families would not be able to afford pursuing a disabled child's rights were it not for IDEA fee awards. *Id.* It is true that Congress included a fee-shifting provision for "prevailing parties" under the IDEA, and the court acknowledges the public policy reasons for fee-shifting provisions generally and under the IDEA. See 20 U.S.C. § 1415(i)(3)(B)(i)(I) ("In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability.").[3] That is not the only public policy at stake in IDEA cases. Courts enforcing the IDEA must also be conscious of all the countervailing interests in these cases. As Judge Evans has written, unlike other civil rights cases that often have broader implications for other cases, "IDEA suits usually involve only very targeted disputes over the fine-tuning of IEPs affecting only one student in one district."

---

[3] Parties who may seek prevailing party status and fees under the IDEA are not limited to parents of disabled children. Prevailing school districts may seek attorney fees against the attorney of a parent who is found to have filed a complaint or later cause of action "that is frivolous, unreasonable, or without foundation," or against an attorney who continues to litigate "after the litigation clearly [becomes] frivolous, unreasonable, or without foundation." 20 U.S.C. § 1415(i)(3)(B)(i)(II). The prevailing school district also may seek its fees from the parent or from the attorney of the parent "if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(III).

*Michael M.*, 356 F.3d at 806 (Evans, J., dissenting in part).  Meanwhile, the "financial demands on public school districts are getting harder and harder to meet," so that "requests for attorneys' fees . . . which drain taxpayer-funded districts of their ability to meet other needs, should get close attention from courts."  *Id.*

A court considering these competing public policies honors both by respecting the balance struck by Congress and the President and by sticking to the law as written.  The court should award reasonable fees to parents who prevail by obtaining relief that effects a material change in the legal relationship between the parties, and should deny fees to parents who did not obtain such relief.  The DesJeans had every right to pursue vigorously P.D.'s rights under the IDEA, and they did.  They have not shown, however, that they "prevailed" within the meaning of § 1415.  Public policy does not require an award of attorney fees in this case.

*Conclusion*

Taken in the light most favorable to the DesJeans, the pleadings in this matter do not state a claim on which relief could be granted.  Defendants' motion to dismiss is granted.  When a court grants a motion to dismiss under Rule 12(b)(6), it should ordinarily allow the plaintiff an opportunity to amend the complaint.  See, *e.g.*, *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 690 (7th Cir. 2004) (reversing denial of leave to amend,

and stating that leave to amend should be denied only where "it appears to a certainty that the plaintiff cannot state a claim upon which relief can be granted"), quoting *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1266 (7th Cir. 1978). This case is an exception, however, since the IHO order that is incorporated in the complaint shows conclusively that plaintiffs could not state a claim for relief in this case. Any amendment to the complaint would be futile. Accordingly, the court will enter final judgment dismissing the action with prejudice.

So ordered.

Date: April 10, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Monica J. Conrad
BOSE MCKINNEY & EVANS LLP
mconrad@boselaw.com

Andrew Anthony Manna
BOSE MCKINNEY & EVANS, LLP
amanna@boselaw.com, dgarner@boselaw.com

Dorene Jackson Philpot
dphilpotlaw@alumni.indiana.edu

Mitchell M. Pote
LAW OFFICE OF MITCHELL M. POTE
mitchell.pote@gmail.com

Barbra Ann Stooksbury
BOSE MCKINNEY & EVANS, LLP
bstooksbury@boselaw.com